**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| In re: ) | |
| ) | Case No. 20-12600-KHK |
| HCB (2020), LLC, ) | |
| ) | Chapter 7 |
| Debtor. ) | |

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT WITH
EXPRESS CORPORATE HOUSING, LLC
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

On January 24, 2024, Kevin R. McCarthy (the "**Trustee**"), chapter 7 trustee for HCB (2020), LLC (the "**Debtor**"), by and through his special counsel, filed the *Motion to Approve Settlement Agreement with Express Corporate Housing, LLC Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "**Motion**")[1] seeking entry of this Order approving the Express Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**"). Based upon the pleadings filed and the representations of the Parties, and it appearing that the Parties seek to resolve the Adversary Proceeding according to the following terms, and the terms of the Express Settlement Agreement, the Court hereby makes the following findings of fact and conclusions of law:

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

---

WHITEFORD, TAYLOR & PRESTON, LLP
Bradford F. Englander (VSB # 36221)
Joshua D. Stiff (VSB # 86105)
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
(703) 280-9081
(703) 280-3370 (facsimile)
benglander@wtplaw.com
jstiff@wtplaw.com

*Special Counsel for Kevin R. McCarthy,
Chapter 7 Trustee*

1. The Motion and the relief requested therein are a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has subject matter jurisdiction to consider the same in accordance with 28 U.S.C. § 1334.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Due and proper notice of the Motion has been provided and no other or further notice need be provided.

4. The Court finds and determines that the relief sought in the Motion and its legal and factual bases establish just cause for the relief granted herein.

Based upon the foregoing, and after due deliberation and sufficient good cause appearing therefor, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that:

A. The Motion is **GRANTED**.

B. The Express Settlement Agreement attached to the Motion as Exhibit B is hereby **APPROVED**.

C. The Trustee is hereby authorized to take any and all necessary actions to effectuate the Settlement.

D. The Payment (as defined in the Express Settlement Agreement) shall not constitute nor be construed as a credit or offset in favor of Altair Global Services, LLC or any of its parents, subsidiaries, affiliates, successors, assigns and/or subsequent transferees (together, "**Altair**"), or any person other than Express.

E. The Express Settlement Agreement does not constitute nor shall be construed as a release or discharge of the Trustee's rights, claims, debts, causes of action, demands, suits for damages, liabilities, legal fees, acts or rights of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Trustee made, could have made, or is able to make

against Altair, including, without limitation, the causes of action asserted by the Trustee against Altair in adversary proceeding no. 23-01053.

F. The release provided by Express shall exclude release of its scheduled and filed claims against the Estate, except for claims arising under Section 502(h) of the Bankruptcy Code, which shall be released in accordance with the Express Settlement Agreement.

G. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen (14) days after its entry, and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry. This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order.

H. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order and the Express Settlement Agreement.

I. Copies of this Order shall be mailed to each of the following parties: Kevin McCarthy, Trustee, c/o Bradford F. Englander, 3190 Fairview Park Drive, Suite 800, Falls Church, Virginia 22042; Express Corporate Housing, LLC, c/o Aaron M. Guerrero, 950 Echo Lane, Suite 120, Houston, Texas 77024.

Dated: Feb 27 2024

/s/ Klinette H Kindred
United States Bankruptcy Judge

Entered: Feb 28 2024

**WE ASK FOR THIS:**

/s/ *Bradford F. Englander*
WHITEFORD, TAYLOR & PRESTON, LLP
Bradford F. Englander (VSB # 36221)
Joshua D. Stiff (VSB # 86105)
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
(703) 280-9081
(703) 280-3370 (facsimile)
benglander@whitefordlaw.com
jstiff@whitefordlaw.com

*Special Counsel for Kevin R. McCarthy,*
*Chapter 7 Trustee for the Bankruptcy Estate*
*of HCB (2020), LLC*

**CERTIFICATION**

      I hereby certify that the foregoing proposed order has either been endorsed by or served upon all necessary parties in accordance with Local Bankruptcy Rule 9022-1.

      /s/ *Joshua D. Stiff*